Walker, Sp. J.,
delivered the opinion of the court:
The court is of opinion that the report of the commission of referees should be affirmed, with a modification. 'Without undertaking to review the facts, this conclusion is reached mainly upon these grounds:
1. That the notes and mortgage were executed and de *299 livered to the life association for the purpose of establishing a credit with the city bank in favor of Hatcher & Co. S'o far as concerns the mortgagor, the credit to be thus established and used was limited only by the amount of the mortgage note.
2. The manner of establishing this credit — that is, by obtaining and indorsing to the bank the aceptance of the life association, due October 15th, thereafter — was known to, and acquiesced in, by Mrs. Cocke. But if the fact was otherwise, the same conclusion would be reached, upon the ground that the mortgage and notes were by her left under the power and control of her husband, for the express purpose of allowing him or Hatcher & Co., to use the same as a basis of credit, anterior to the fifteenth of October, and the manner of thus using the mortgage and note was left to Cocke, or to Hatcher & Go. Mrs. Cocke must abide the consequences of their acts and conduct; and the case must be disposed of as if the mortgaged property belonged to Cocke himself.
3. The indorsement of the draft, whether a general indorsement or a special indorsement to the city bank, is not deemed material, .and 'the delivery thereof to the city bank put an apparent absolute title in the bank, and enabled Tobey to commit the breach of trust out of which the whole difficulty of the case arises. The loss thus brought about must, except as stated directly, be borne by the mortgaged property, and the life association is entitled to the same extent to foreclose the mortgage.
But the conclusion already stated is reached, not upon the ground that the association is entitled to a strict recovery upon the note, but that, in settling the equities of the case arising out of Tobey’s misappropriation of the draft, the loss should fall upon the party whose acts brought about the loss. The original plans of the parties were never carried out; and the court is called on, rather to settle the equities between them, than to strictly enforce *300 their original contract and intentions. The association is entitled to look to the mortgage solely to save it from loss, under all the facts of the case.
The report of the referees must, therefore, be modified in the tw?o respects, following, viz.: (1) The rate, of interest allowed will be seven per cent, per annum from October IS, 187-2, to the date of .the judgment in the New York court, October 13, 1874-, and six per cent, thereafter. (2) At the time the acceptance was delivered to Tobey, the association took iron} him, as president of the city bank, a receipt therefor, and in the receipt was embodied an agreement that he (Tobey), as such président, would, out of the proceeds of the draft, pay taxes on .the mortgaged property to the amount of $1,902.4-2,. and the premium notes of .Cocke and Hatcher, amounting to $990.69, an aggregate of $2,893.11.
It-is clear that if, as was contemplated, -the' draft had remained in the hands of .the bank to maturity, and at maturity, had been paid to the bank, Cocke would have had no power, to' the extent of the above-named sum, to check it out. In respect of that much of the fund, the bank, or Tobey, was either constituted a direct trustee for the association, or a trustee for the protection of the association in matters in which it tvas interested. The association reserved full control of that much of the fund, and, in adjusting the equities of the parties, the .case must be disposed of as if the association had retained that much of the funds in its own hands. In fact, the. arrangement adopted was but a substitute for that, and v^as made, by the association for its own protection.
The association must look to Tobey, or the city bank, for the performance of that agreement; and, failing in that-, it cannot fall back on the mortgaged property. A decree w’ill be entered, fixing the amount due the association on the- principles here stated, and decreeing a foreclosure of the mortgage by sale under the decree, and by the clerk *301 of tbis court, unless tlie amount due, and costs as decreed against complainant, shall be paid into court within ninety days from the entry of decree.
The costs of the court below will be paid by complainants; those of this court (including costs of transcript) by the life association.
Folkes, J., incompetent.